**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TORMU E. PRALL, *Plaintiff*, v. KEVIN P. KING et al., *Defendants*. | No. 2:26-cv-1451 (MEF)(JBC) **OPINION and ORDER** |

* * *

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the facts and procedural history of this case.

* * *

Before the Court is the Plaintiff's[1] motion for a Temporary Restraining Order and Preliminary Injunction, which mainly seeks an order compelling the Commissioner of the New Jersey Department of Corrections[2] "to install air conditioners on the extremely hot housing units in the West Compound of New Jersey State Prison." Motion Temporary Restraining Order and Preliminary Injunction ("Plaintiff's Motion") (ECF 17) at 1.

At the time this motion was filed,[3] the Plaintiff was held at the referenced prison. See id.

But per the Defendants, he has since been "transferred to a prison in Illinois."[4] Defendants' Letter Brief in Opposition to

---

1 Tormu E. Prall.

2 Victoria L. Kuhn.

3 The Plaintiff signed his motion on July 7, 2026. See Plaintiff's Motion at 2. It was filed on the Court's public docket on July 16, 2026. See ECF 17.

4 The transfer was on July 22, 2026. See Defendants' Opposition at 4.

Plaintiff's Motion to Compel and Motion for Preliminary Injunction ("Defendants' Opposition") (ECF 23) at 2.

Accordingly, the Defendants argue that the Plaintiff's motion should be dismissed as moot. See id. at 6-10.

* * *

The relevant motion asks the Court to direct the Defendants to install air conditioners in a New Jersey prison or to allow the Plaintiff to buy a fan. See Plaintiff's Motion at 1.

But the Defendants argue that the Plaintiff's transfer to Illinois moots these requests, because he is no longer housed in the relevant prison or subject to purchase-restrictions imposed by the New Jersey Department of Corrections. See Defendants' Opposition at 8-9.

This argument is consistent with on-point Third Circuit case law, which establishes that when a prisoner is released from custody or transferred to a different prison, conditions-of-confinement-related claims for injunctive relief are generally mooted and must therefore be dismissed.

In Banks v. Sec'y Penn. Dep't of Corr., 601 F. App'x 101 (3d Cir. 2015), for example, a prisoner who had been transferred to a new facility filed a complaint against officials at his old facility, seeking a declaratory judgment that the defendants' actions violated certain constitutional rights and an injunction that would "put an end" to certain conduct taking place there. See id. at 102.

But the Third Circuit denied relief. See id. at 103. Per the court:

> The only relief potentially available to Banks for his RLUIPA claims is injunctive or declaratory, but to the extent that Banks seeks that relief against defendants at SCI-Retreat, his claims are moot because he was transferred to SCI-Somerset. He no longer presents a live case or controversy for injunctive relief regarding the policies or practices at SCI-Retreat because an injunction where he is no longer imprisoned would not provide him meaningful relief. [Moreover], any future incarceration of [the plaintiff] at SCI-Retreat is speculative, so his case . . . does not present an

> issue capable of repetition, yet evading review regarding the relief against the SCI—Retreat defendants.

Id.; see Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims."); see also Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993) ("In the instant case, Abdul-Akbar was released from the MSU[.] . . . It is . . . plain that, from that date forward, the district court could not provide Abdul-Akbar with meaningful relief by entering an injunctive order respecting the MSU in which Abdul-Akbar no longer was incarcerated.").

* * *

The Plaintiff's motion at ECF 17 is denied.

IT IS on this 7th day of August, 2026, **SO ORDERED.**

__S/Michael Farbiarz________
Michael E. Farbiarz, U.S.D.J.